IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLINT ABRAHAM WILSON RAGLAND,

                          Plaintiff,                       OPINION AND ORDER

    v.

                                                          16-cv-751-wmc

DANE COUNTY JAIL, JOSE PACHECO,
JOHN GNACINSKI, BRENDA LYNN REINEN,
MICHAEL ALLEN KEENE,
JONATHAN LAURICE STANLEY,
SGT. IRA SIMPSON,
SGT. SIMPSON, SCOTT KUNTZ and
ADAM MATTSON,

                          Defendants.

---

*Pro se* plaintiff Clint Abraham Wilson Ragland is proceeding in this action under 42 U.S.C. § 1983, on claims that jail staff attacked him in May of 2012 while he was incarcerated at the Dane County Jail. Specifically, he is proceeding on claims that defendants Pacheco, Gnacinski and Reinen used excessive force against him, and that Mattson acted with deliberate indifference to his serious medical needs following that incident, all in violation of the Fourteenth Amendment. There are three motions currently before the court: defendants' motion to compel (dkt. 28) and motion for summary judgment (dkt. 14), and plaintiff's motion for assistance in recruiting counsel (dkt. 21). For the reasons that follow briefly, I am granting defendants' motion to compel in part and **warning Ragland that this lawsuit is subject to dismissal**, directing defendants to notify the court whether they wish to proceed with their motion for summary judgment, and denying plaintiff's request for assistance in recruiting counsel without prejudice.

1

## I. Motion to compel (dkt. 28)

The most pressing issue in this lawsuit is defendants' motion to compel, which they filed on April 25, 2018. In it, they requested the court to order (1) Ragland to appear for a deposition, (2) Ragland to provide a signed medical authorization form, and (3) an extension of the dispositive motion deadline from May 4, 2018, to July 2, 2018. When defendants first filed this motion, I directed Ragland to respond to the motion by May 4, 2018, and extended the dispositive motion deadline to June 1, 2018, to provide defendants some breathing room in the schedule while waiting for Ragland's response. In doing so, I provided two warnings for Ragland's consideration. First, I warned him that "failure to attend a properly noticed deposition is unacceptable and could lead to dismissal of this lawsuit." (Dkt. 32.) Second, I warned him that while this court does not *order* parties to disclose confidential medical records, "a choice not to disclose them in a case where that party has put his medical and psychological conditions directly into dispute can lead to dismissal of that lawsuit." (*Id.*)

Ragland's May 2, 2018, passed over two weeks ago, but Ragland has not responded, has not requested additional time to respond, and has not contacted the court in any manner. At this point, I am not going to grant defendants' request to compel Ragland to comply with defendants' requests. However, Ragland's continued failure to sit for a deposition subjects his lawsuit to dismissal for failure to prosecute. *See Jenkins v. Miles*, 553 F. App'x 638, 640-41 (7th Cir. 2014) (affirming dismissal for failure to prosecute where *pro se* plaintiff appeared left his deposition early and refused to complete it). Similarly, given that Ragland claims that defendants injured him and ignored his mental and physical

2

health needs, Ragland's medical and mental health care are central to this lawsuit. Therefore, his failure to authorize defendants to access his medical records subjects his lawsuit to dismissal as well. *See Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993) (dismissal for failure to prosecute appropriate once the judge gives the plaintiff "due warning" that the case is subject to dismissal).

Because Ragland is pro se, the court will give him until **May 29, 2018**, to provide defendants with a signed records release form and to set a firm date for his deposition, which must take place not later than **June 8, 2018**. If Ragland disobeys any of these orders, then the court shall dismiss this lawsuit.

Finally, the dispositive motion deadline is extended to July 2, 2018.

II. **Motion for summary judgment on exhaustion grounds (dkt. 14)**

While Ragland's failure to prosecute this case may moot defendants' motion for summary judgment, I will briefly address it. Defendants seeks dismissal because Ragland failed to appeal the denial of his grievance related to his medical care claim, and he failed to appeal the results of the disciplinary hearing related to his excessive force claim. While I will not resolve this motion, I am ordering defendants to notify the court whether they wish to pursue it in light of the fact that Ragland is no longer confined in jail or prison.

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly

take each step within the administrative process." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the [jail's] administrative rules require." *Pozo*, 286 F.3d at 1025.

Based on Ragland's current address, I surmise that he no longer is in custody. Thus, the requirements of the PLRA would not apply to him if he chose to immediately refile a new lawsuit to pursue his constitutional claims against defendants. *See Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998) (PLRA did not apply to former prisoner filing suit after his release); *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004) ("[T]he status of the plaintiff at the time he brings his suit" determines whether the plaintiff is a prisoner subject to the PLRA's exhaustion requirements). Thus, even if the presiding judge dismisses Ragland's claims for failure to exhaust, he would be able to refile those claims without the need to exhaust his administrative remedies. *See Miniz v. Pazera*, 2007 WL 4233455, *4 (N.D. Ind. 2007) ("Even if a prisoner has a case dismissed for failure to exhaust available administrative remedies, they can refile the exact same complaint once they are released from prison without having to satisfy the exhaustion requirement.").

It appears that Ragland has abandoned this lawsuit: he has not filed anything in this matter since November of 2017. Therefore, while it seems likely that Ragland would *not* file a new lawsuit to pursue his claims, given that this case is at the brink of reaching the merits, I want to give the defendants the chance to avoid the unintended result of restarting this lawsuit. By June 1, 2018, defendants should notify the court whether they

4

wish to pursue the exhaustion defense. If they do not withdraw the exhaustion motion, the presiding judge will resolve it.

### III. Motion for assistance in recruiting counsel (dkts. 21, 24)

Finally, on November 8, 2017, Ragland filed a motion for assistance in recruiting counsel. In that one-page motion, Ragland explained that he suffers from bipolar disorder and schizophrenia, which make his day-to-day life very challenging. He adds in a supplement that he has been trying his best, particularly with respect to responding to defendants' motion for summary judgment. However, the starting point in this inquiry is that there is no right to representation in a civil lawsuit.

While I am sympathetic to the mental health challenges Ragland is dealing with, his filings show that he has been able to remember the relevant events and explain his version of them. Indeed, in his opposition to defendants' motion for summary judgment, Ragland described in detail the cell extraction that became the basis for his excessive force claim, and then he described how he asked multiple jail employees for a grievance form but those requests were denied. More importantly, at this point the primary question is whether Ragland is actually interested in pursuing this lawsuit. He has to complete the tasks ordered above in order to proceed, and his filings demonstrate that he is capable of completing those tasks without the assistance of an attorney. Given that Ragland previously has called the clerk's office when he had questions and has shown himself capable of submitting understandable filings to the court, I am not convinced that he needs an attorney to take the steps he needs to take to avoid dismissal. However, while I am

denying this motion, it will be denied without prejudice to Ragland's ability to renew it should he choose to proceed with this lawsuit and the demands of the lawsuit exceed his ability to litigate it.

ORDER

IT IS ORDERED that:

1. Defendants may have until May 29, 2018, to notify the court whether they wish to pursue the exhaustion defense (dkt. 14) further.

2. Plaintiff Clint Ragland has until May 29, 2018, to provide defendants a signed medical records release and to schedule a deposition, which must occur not later than June 8, 2018. Plaintiff's failure to comply with any part of this order will result in dismissal of this lawsuit for failure to prosecute.

3. Defendants' motion to compel (dkt. 28) is GRANTED in part and DENIED in part, as provided above. The dispositive motion deadline is extended to July 2, 2018.

4. Plaintiff's motion for assistance in recruiting counsel (dkt. 21) is DENIED without prejudice.

Entered this 18th day of May, 2018.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge