IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CLINT ABRAHAM WILSON RAGLAND,

                          Plaintiff,                            OPINION AND ORDER

    v.

                                                          16-cv-751-wmc

DANE COUNTY JAIL, JOSE PACHECO,
JOHN GNACINSKI, BRENDA LYNN REINEN,
MICHAEL ALLEN KEENE,
JONATHAN LAURICE STANLEY,
SGT. IRA SIMPSON,
SGT. SIMPSON, SCOTT KUNTZ and
ADAM MATTSON,

                          Defendants.

An in-person hearing in this matter was held today at which *pro se* plaintiff Clint Ragland appeared on his own behalf and the defendants appeared by counsel Matteo Reginato of Arenz, Milter, Macy, Riffle & Larson. During the hearing, the plaintiff fulfilled his obligation to execute medical releases to allow defendants' counsel to obtain his history from providers. For that reason, the court will not enter an order dismissing plaintiff's claims for failure to prosecute or abandonment, subject to the understanding that Mr. Ragland must cooperate fully with discovery going forward.

In light of the court's determination today that the plaintiff is in need of counsel going forward, the court agreed to recruit pro bono counsel to represent him based on his commitment to work closely and assist in any way he can. Plaintiff should appreciate that recruited counsel will take on this representation out of a sense of professional responsibility, which includes representing plaintiff zealously. When he is represented by counsel, plaintiff is advised that in return for representation, plaintiff also takes on a responsibility. For example,

all future communications with the court must be through his attorney of record. Plaintiff must also work directly and cooperatively with his attorney, as well as those working at his direction, and must permit him to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiff from doing so. If plaintiff decides at some point that he does not wish to work with his lawyer, he is free to alert the court and end his representation, but he should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent him.

In the meantime, defendants may not notice plaintiff's deposition for thirty (30) days, although they may proceed to pursue paper discovery in the form of interrogatories or document requests. Defendants' counsel is also to share with plaintiff or his counsel a copy of all medical and psychiatric records obtained through use of his signed releases. In addition, upon recruitment of counsel, the parties' counsel are to meet and confer promptly as to the current schedule, agree to the time of Rule 26 disclosures and to any amendment of the current deadlines in this case -- or failing that, to seek a scheduling conference with this court -- with the goal of holding the March 4, 2019, trial date, if possible.

Finally, although defendants have not pressed their exhaustion motion, perhaps in recognition of the fact that the PLRA no longer applies or in hopes of dismissal for failure to prosecute (*see* dkt. 53: 3-5), the court advised defendants at the hearing that they have not yet met their burden. Specifically, the court noted:

(a) As to the medical care deliberate indifference claim, Ragland filed a grievance about that claim on May 29, 2012. However, Ragland was released from the jail the next day, May 30, 2012, and the jail did not respond to his grievance until June 22, 2012. Defendants do not submit any evidence suggesting that Ragland received the result. (*See* Boldt Aff. (dkt. #16) ¶ 5.) Given the general rule that "if [a prisoner] did submit a grievance but received no ruling, he [i]s not required to file an appeal," *Walker v. Sheahan*, 526 F.3d 973, 979 (7th Cir. 2008), defendants have not met their burden to show that Ragland could have exhausted this claim by filing an appeal within five days of the June 22 grievance result.

(b) With respect to the excessive force claim, Ragland had a disciplinary hearing related to the same incident on May 29, 2012, and he was found guilty that same day. The hearing report indicates that Ragland stated he did not intend to appeal that outcome, but the report does not indicate whether Ragland did not want to appeal his punishment or his grievance. (Dkt. #17-1.) It is undisputed that Ragland did not appeal the results of that hearing, but there still appear to be two problems with defendants' position on exhaustion.

First, defendants have not established that Policy 607.07(III) applies to appeals of disciplinary hearings. Dane County Jail Policy 607.07(I)(A) provides that inmates are required to grieve matters related to a disciplinary hearing during that hearing, and 607.07(I)(D) states that grievances filed related to such matters should be dismissed because "a separate appeal process is available." Policy 607.07 (III) provides that an inmate dissatisfied with the "response to the complaint" may have five days to appeal, but it is unclear whether this policy is the "separate appeal process" to which 607.07(I)(A) refers. Defendants' brief assumes that this five-day deadline applied to Ragland's ability to appeal his disciplinary hearing results, but they do not cite anything in support. Since the language of the policy is not clear and actually suggests that another policy applies, it appears that defendants' motion could be denied on this basis alone.

Second, accepting that Ragland had the opportunity to appeal that decision despite his release the next day, there is a factual dispute regarding what Ragland was told about his ability to file a grievance about the incident. Ragland claims that prior to and during the disciplinary hearing, he was told that: (a) he could not grieve the incident; and (b) an officer told him at two different points that "the situation is not grievable." (Dkt. #19.) While Ragland apparently misstates the name of the hearing officer, his allegations are sufficient to create a factual dispute regarding whether a jail officer told him that he could not pursue a grievance, which would require hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Third, as the court pointed out previously, the requirements of the PLRA would not apply in any event, should plaintiff decide to dismiss this case without prejudice and immediately refile. (Dkt. #33:4.) This leaves open the question posed in the court's May 18, 2018, order as to whether defendants want to pursue exhaustion any further, since the net result would likely be restarting this lawsuit anew. (*Id.* at 4-5.)

Accordingly, defendants were given seven days to advise if they continue to seek dismissal on their exhaustion motion, and if so, to respond to the court's remaining concerns as set forth above.

Entered this 2nd day of August, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge